## CAREY vs. BOYLE and another.

*November 2 — November 21, 1882.*

ESTATES OF DECEDENTS. *What is the "net product" of an administrator's sale ?*

A., having a vendor's lien upon 120 acres of land, forty acres of which constituted a homestead, waived such lien as to the eighty acres not included in the homestead by receiving a distributive share of the proceeds of a sale thereof by the administrator of his debtor to pay the debts of the estate. It having been decided (53 Wis., 574) that only so much of his claim as would remain after deducting the entire amount of the *net product* of the sale of the eighty acres, could be enforced against the homestead, it is *held* that such "net product" was the amount for which the

Carey vs. Boyle and another.

eighty acres were sold, less the actual statutory expenses of making and confirming the sale, exclusive of any fee or commission of the administrator, and without regard to any of the other expenses of administration.

APPEAL from the Circuit Court for *Waushara* County.

The cause was before this court on a former appeal, and is reported in 53 Wis., 574. From the account of the administrator of the estate of Patrick Carey, the circuit court found that the net product of the sale of the eighty acres not included in the homestead was $777.65 — that being the amount of said estate left for the payment of creditors, after the payment of funeral expenses, expenses of administration and the compensation and commissions of the administrator. Judgment was rendered accordingly under the direction of this court on the former appeal. From such judgment the defendants appealed.

The cause was submitted for the appellants on the brief of *Finch & Barber*, and for the respondent on that of *E. P. Smith* and *Nath. Pereles & Sons*.

CASSODAY, J. It appears very clearly from the opinion of Mr. Justice ORTON on the former appeal (53 Wis., 574) that in equity the plaintiff must be regarded as having a vendor's lien upon the 120 acres of land purchased by him for and in the name of his brother Patrick, to whose rights the appellants succeeded, and that such lien had the essential characteristics and incidents of a mortgage. Such being the character of the transaction, it is evident that the plaintiff might, had he chosen to do so, have enforced the same by a sale of the land through apt proceedings in equity. In that event he would have been required to have first sold that portion of the premises not included in the homestead, in case the same could be sold separately therefrom without injury to the interests of the parties. Sec. 3163, R. S.; 53 Wis., 583.

Carey vs. Boyle and another.

Notwithstanding this right of the plaintiff to enforce such vendor's lien, first against that portion of the 120 acres of land which was not included in the homestead, and then against the homestead itself for the balance, yet he voluntarily chose to waive such lien as to all the land except that included in the homestead, and hence, under the decision of this court on the former appeal, he is chargeable as of the date of sale for just what the land not included in the homestead was sold for by the administrator, less the actual statutory expenses of making such sale and confirming the same, exclusive of any fee, commission, or per cent. of such administrator. In other words, the plaintiff is chargeable as of the date of the sale with the same amount that he would be if such sale had been his own by way of enforcing his vendor's lien. It is true, the expense of enforcing such vendor's lien, in equity, might not have been just the same as the actual statutory expenses of converting the land into money by the administrator; yet, as the plaintiff waived his lien thereon, he is in equity, and as against those who have succeeded to the rights of the homestead, chargeable for the amount realized upon the sale, less the statutory expense paid out by the administrator for converting the land into money. It appears from the record that the land sold for $1,605. Deducting from this amount the actual statutory expenses in making such sale and confirming the same, leaves the true amount to be charged to the plaintiff as of that date, and for the balance only he has a lien upon the homestead. The question is as to the extent to which the homestead is relieved from the claim of the plaintiff. As to that question, the amount or value of the personal property, the expense of administering the estate, or the fees, commissions or per cent. to which the administrator may be entitled, or has charged, are wholly immaterial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.